IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| PATTI JOHNSON, MICHAEL O'BANION, KELLY N. FEHRENBACH, CHRISTINE HARLOW,<br>　　Plaintiffs<br><br>vs.<br><br>OFELIA HEITZ, TRUSTEE OF THE HEITZ MARITAL DEDUCTION TRUST AND CADENCE BANK, TRUSTEE OF THE HEITZ MARITAL DEDUCTION TRUST,<br>　　Defendants | § § § § § § § § § § § § § § § §　　NO. 2:22-cv-37 |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Now come Patti Johnson, Michael O'Banion, Kelly N. Fehrenbach, Christine Harlow, Plaintiffs in the above styled and numbered cause, complaining of Ofeilia Heitz and Cadence Bank, Trustees of the Heitz Marital Deduction Trust, and for cause of action would respectfully show the following:

### Parties

1. Plaintiff, Patti Johnson, is a citizen and resident of the State of Washington.

2. Plaintiff, Michael O'Banion, is a citizen and resident of the State of California.

3. Plaintiff, Kelly N. Fehrenbach, is a citizen and resident of the State of California.

4. Plaintiff, Christine Harlow, is a citizen and resident of the State of Idaho.

1

5. Defendant, Ofelia Heitz, is a resident of Zavala County, Texas, where she may be served with process at 12711 FM 1867, Big Wells, Zavala County, Texas 78830.

6. Defendant, Cadence Bank, N.A., is a national banking association having its principal office in Houston, Harris County, Texas, and may be served with process by serving its registered agent Hank Holmes at 2800 Post Oak Blvd., Suite 3800, Houston, TX 77056.

## Jurisdiction and Venue

7. This court has jurisdiction of this cause under and pursuant to 28 U.S.C. Section 1332, because there exists complete diversity of citizenship between all of the Plaintiffs and all of the Defendants, and the amount in controversy exceeds $75,000.00.

8. Plaintiffs seek primarily non-monetary relief in the form of declaratory judgment and injunction and the monetary value of the objects of the suit exceed $75,000.00. Plaintiffs seek to establish their easement across Defendants' land for access to a public road and to enjoin interference with such access by Defendants. Without such relief, Plaintiffs' 81 acre tract of land is landlocked, inaccessible and without market value. With such access, its market value is approximately $3,000.00 per acre, or $243,000.00.

9. Venue of this case lies in this district and division pursuant to 28 U.S.C. Section 1391(a) because this is a local action and the property that is the subject of this action is situated in Zavala County, Texas, within the Del Rio Division of the Western District of Texas.

**Factual Allegations**

10. Plaintiffs, as tenants in common, are the owners of undivided interests in a tract of land situated in Zavala County, Texas, and described as follows:

> The West half of the Southeast quarter of the I & GN RR Survey 75, A-305, in Zavala County, Texas, containing 81.5 acres, more or less.

11. Defendants are the owners of real property adjoining Plaintiffs' property on the east, north and west boundaries of Plaintiffs' property, and including all of Surveys 74 and 75, except for Plaintiffs' property.

12. In 1909, both what is now Plaintiffs' property and Defendants' property were owned by James Heard and John Elliott.

13. On June 15, 1909, Heard and Elliott conveyed all of Section 75 to E.B. Long, from whom Plaintiffs derive title.

14. Defendants' title derives from Heard and Elliott.

15. In 2021, Plaintiffs, desiring to sell their property, engaged a real estate broker as agent. When the agent attempted to access Plaintiffs' property through Defendants' property, members of the Heitz family refused access.

**Declaratory Judgment: Easement**

16. An implied easement by necessity in favor of a tract of land (the "dominant" tract) for access to a public road through another tract (the "servient" tract) arises as a matter of law if (1) prior to the severance of the dominant tract there was unity of title to both tracts; (2) at the time of severance, the dominant tract had no access to a public road; and (3) there is no access to a public road at the time of suit.

17. As alleged above, previous to the severance of Plaintiffs' property from Defendants' property, both tracts were under the same title and ownership and unity of title existed. In 1909, when Plaintiffs' tract was severed from other lands previously owned by Heard and Elliott, Plaintiffs' tract enjoyed no access to any public road except through the lands previously owned by Heard and Elliott; and (3) the necessity to cross Defendants' tract is presently necessary for access.

18. Plaintiffs are entitled to judgment declaring that there is an implied easement appurtenant to their tract, as the dominant estate, through Defendants' property for access to FM 1867 located upon and along existing private roads through the properties, or at a location to be determined by the court.

## Injunctive Relief

19. As alleged above, Plaintiffs are entitled to access their land through the lands of Defendants.

20. Defendants have denied, obstructed and interfered with Plaintiffs' access.

21. Defendants' wrongful interference with Plaintiffs' access to the property causes substantial and irreparable injury to Plaintiffs, including the loss of access to and use of their property, and severe diminution in its value.

22. Plaintiffs are entitled to an injunction against Defendants, their tenants, agents, employees, or anyone acting by their authority, from denying, obstructing or interfering with Plaintiffs' access to their property through Defendants' property.

## Attorney's Fees

23. It has been necessary for Plaintiffs to engage the undersigned firm of attorneys to prepare and prosecute this action, and Plaintiffs should, in fairness and

equity, be awarded their attorneys' fees under and pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon hearing, Plaintiffs have and recover judgment declaring their rights to an easement for access to their property through the property of Defendants; for a permanent injunction against denial, obstruction or interference with such access by Defendants; and for reasonable attorney's fees and costs of court. Plaintiffs pray for general relief.

        Respectfully submitted,

        DROUGHT, DROUGHT & BOBBITT, L.L.P.
        2632 Broadway St., Ste. 401-S
        San Antonio, Texas 78215
        (210) 225-4031 (Telephone)
        (210) 222-0586 (Facsimile)

By: _____*/s/ Calhoun Bobbitt*_____
        Calhoun Bobbitt
        State Bar No. 02530700
        cb@ddb-law.com